JOSEPH E. FOLLETT vs. ELIAS WEED and WILLIAM W. WEED.

An order may properly be granted under the provisions of 2 Revised Statutes, 199, 200, for the discovery of books and papers, &c., (ante, page 303.)

Where such an order is granted by a justice on due notice to the opposite party, it cannot be reversed, altered, modified or vacated, by another justice. Under the code such an order must be regarded as an order of the court at special term, and can only be reviewed by way of appeal to the general term.

*Held*, that the clause contained in § 26, of the Revised Statutes, page 200, which provides that the court may debar the Defendant from any *particular* defence *in relation* to which such *discovery* is sought, applies to some substantive defence set up by the Defendant by way of avoidance of the Plaintiff's cause of action, not to compel the Defendant to make any other admission of the Plaintiff's claim than would be implied by his neglect to plead.

*Buffalo, Dec.,* 1848.—The Plaintiff declared for the breach of a contract, whereby the Defendants agreed to transport from Buffalo to the city of New York a quantity of pork and lard for the Plaintiff—and averred the delivery of the pork and lard to the Defendants to be transported pursuant to the contract, and that the Defendants delayed and neglected to ship and transport the same within the time agreed upon; whereby the Plaintiff had sustained damage, &c.

The Defendants pleaded the general issue, and gave notice of set-off.

After issue joined, and on the 28th day of September last, the Plaintiff (on notice to Defendants of the motion) applied to Justice Sill, and obtained from him an order (under the provisions of 2 Revised Statutes, 199, 200) to compel the discovery of the contract, and of the Defendants' books, in their possession, in which they had registered the time of the receipt and shipment of said pork and lard.

The order, in substance, required the Defendants, within four days after a service of a copy thereof, to deposit such contract and books in the office

of the clerk of the county of Erie, and that they should remain there subject to the inspection of the Plaintiff and his attorney for the space of four days after notice of such deposit. The Defendants to be at liberty to seal or cover up such parts of said books as did not relate to the pork and lard in question.

The Plaintiff, on proof of the service of a copy of said order, and of the Defendants' neglect to make such deposit, and on notice to the Defendants, now applies for an order that the Defendants' plea and notice be stricken out, and also that the Defendants on the trial be precluded from *denying the receipt and shipment* of the pork and lard at the times mentioned in the Plaintiff's declaration.

On the hearing of this motion the Defendants produced the contract and allowed the Plaintiff's attorney to take a copy of the same, and showed a sufficient excuse for not having deposited the same, and said books, in the clerk's office, within the time required by the original order; but, at the same time, claimed that the books were the *private* property of the Defendants, and that they ought not and could not be compelled to produce and discover them as required by said order.

GEO. R. BABCOCK, *Counsel for Plaintiff*.

S. G. HAVENS, *Counsel for Defendants.*

HOYT, Justice.—The counsel for the Defendants had notice of the motion, and appeared before Justice Sill and opposed the application for the order. If there were any good reasons why the discovery of the books in question should not be made, they should then have been urged, and if omitted, then, or if urged and passed upon by him, the order then made must, until vacated by him or reversed upon an appeal to the general term, be regarded as settling the question that the Defendants are bound to discover and produce the books in question. A mere ex parte or chamber order, made by a justice under this statute, may be vacated by him or by the court. But under the provisions of the Code of Procedure, such an order made out of court by a justice upon notice of the motion, must be regarded as an order of the court at special term, and can only be reviewed by way of appeal to the general term.

It cannot in practice be tolerated where a matter has been, upon notice to the opposite party, once heard and passed upon by one justice that his decision or order may be reversed, altered, modified or vacated by another justice.

Let the principle be once established as the practice of this court, that one justice can or may in this manner review the decisions of another in the same cause, then the order I make in this matter to-day may be·mo-

dified or vacated by another justice to-morrow, and the order made by him again in turn vacated by me. This would lead to endless confusion in practice, and nothing but an unbending statute requiring such a course of practice should induce the members of this court to adopt it.

I shall not, therefore, take upon myself the responsibility of reviewing the decision of the learned justice in granting the order in this case, nor the trouble of looking into the merits of the original application. Nor do I design to intimate that his decision in granting the order was in any manner erroneous. On the contrary, so far as I have had occasion to examine the practice in determining the other questions which arise on this motion, and from an examination of the published opinion of Mr. Justice Sill, in 3 Howard's Pr. Rep., 303, I can see no reason why the order was not properly granted by him—nor why it is not in strict accordance with the statute and the practice of the court.

The only question which I am now properly called upon to determine is, as to what relief the Plaintiff is entitled, by reason of the Defendants' neglect or refusal to comply with the terms of the order.

It is not claimed, on the part of the Plaintiff, that a discovery was necessary to enable him to declare. It follows that if an issue had not been joined, the Plaintiff would not, under the 27th rule of this court, have been entitled to the discovery sought in this case.

By the fourth subdivision of that rule, it is provided, that *after issue joined* in any action, either party may be compelled to produce and discover all such *books*, papers and documents as may be necessary to enable the party applying for such discovery to prepare for the trial of the cause.

This rule was adopted pursuant to the requirements of § 22 of 2 R. S., 199. And § 26, of the same statute, provides that if a Defendant shall refuse or neglect to obey such order for a discovery, the court may strike out any plea or notice he may have given—or *may debar* him from any *particular defence* in relation *to which* such discovery was sought—and the power of the court to compel such discovery *is expressly confined* to the *remedy* therein provided.

There is no doubt about the power to strike out the plea and notice, but I am asked to go further and make an order that the Defendants shall not, on the trial, *deny* the *delivery and shipment* of the pork and lard at the time and in the manner specified in the declaration—or in other words, to make an order which shall amount to an admission of the Defendants of these facts, or of the cause of action of the Plaintiff as stated in his declaration. This would be going beyond, not only the letter, but the object and design of the statute.

By striking out the Defendants' plea and notice, the Plaintiff will be entitled to judgment by default and the amount of his recovery must, of course, depend upon his proof of the amount of injury sustained. The Plaintiff will be placed in the same situation he would have been if the Defendants had suffered default for want of a plea.

I understand the clause in §26, of 2 R. S., 200, which provides that the court may debar the Defendant from any *particular* defence *in relation* to which such *discovery* is sought, to apply to some substantive defence set up by the Defendant by way of avoidance of the Plaintiff's cause of action, and not to compelling the Defendant to make any other admission of the Plaintiff's claim than what would be implied by his neglect to plead.

The Defendants having excused their default in not producing the books within the time required by the original order, the Plaintiff may have an order that the Defendants' plea and notice be stricken out and their defaults entered for not pleading unless they shall within four days after service of a copy of the order deposit and leave said books in the clerk's office for the purposes and for the same length of time after notice of such deposit as was required by the original order.